**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

| | |
|---|---|
| RIGOBERTO SOTO JIMENEZ,<br>Petitioner-Appellee,<br>v.<br>MATTHEW ISIHARA,<br>Appellant,<br>PAMELA BONDI, *et al.*,<br>Respondents. | No. 26-1327 |

**MOTION TO ENLARGE AND DIVIDE ORAL ARGUMENT**

Petitioner-Appellee Rigoberto Soto Jimenez moves to enlarge oral argument in this matter to 20 minutes per side and divide oral argument between his counsel and the Court-appointed *amicus curiae* as five minutes and fifteen minutes, respectively. The Court-appointed *amicus* states that he does not oppose the motion, and counsel for Appellant Matthew Isihara states he takes no position on this motion.

1. Isihara has appealed the District Court's purged civil coercive contempt order entered against him. Mr. Soto Jimenez moved to dismiss the appeal for lack of Article III standing in light of his and his counsel's obligation to bring jurisdictional flaws with an appeal to the Court's attention, but—as he did



Appellate Case: 26-1327 Page: 1 Date Filed: 09/23/2026 Entry ID: 5687148

below—took no position on the appeal's merits. The Court therefore appointed an *amicus curiae* to argue in support of the District Court's order.

2. A motions panel of this Court denied Mr. Soto Jimenez's motion to dismiss. But "in this circuit, . . . 'a hearing panel of this court to whom the entire case has been referred for disposition is free to revisit a motion to dismiss for want of appellate jurisdiction even though an administrative panel of the court has previously denied such a motion.' " *Nyffeler Constr., Inc. v. Secretary of Labor*, 760 F.3d 837, 841 (8th Cir. 2014) (quoting *In re Rodriquez*, 258 F.3d 757, 758 (8th Cir. 2001) (per curiam)). Thus, as Mr. Soto Jimenez stated in his letter submitted during merits briefing, he stands by his motion's arguments regarding jurisdiction and wishes to argue them to the merits panel.

3. In order to accommodate both Mr. Soto Jimenez's arguments regarding jurisdiction and the Court-appointed *amicus curiae*'s arguments in support of the order below, Mr. Soto Jimenez proposes enlarging and diving the time for oral argument as follows: Mr. Soto Jimenez's counsel would receive 5 minutes to argue regarding jurisdiction; the Court-appointed *amicus curiae* would receive 15 minutes to argue in support of the District Court's order; and Isihara's counsel would receive 20 minutes to argue against the District Court's order—an amount equal to the sum of Mr. Soto Jimenez's and the Court-appointed *amicus*'s time. This approach will ensure that Mr. Soto Jimenez—the Appellee in the

case—is heard on the crucial issue of Article III jurisdiction without detracting from the time allocated to the Court-appointed *amicus*.

4. We have conferred with the Court-appointed *amicus* and Isihara's counsel. The Court-appointed *amicus* states that he does not oppose the motion, and Isihara's counsel states that he takes no position on it.

For the foregoing reasons, the motion should be granted.

Respectfully submitted,

/s/ Sean Marotta
Sean Marotta
HOGAN LOVELLS CADWALADER US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
(202) 637-4881
sean.marotta@hlc.com

*Counsel for Appellee*

September 23, 2026

## CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limitation Federal Rule of Appellate Procedure 27(d)(2) because it contains 430 words.

2. This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5), and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in 14-point Times New Roman.

/s/ Sean Marotta
Sean Marotta

## CERTIFICATE OF SERVICE

I certify that on September 23, 2026, the foregoing was electronically filed through this Court's CM/ECF system, which will send a notice of filing to all registered users.

/s/ Sean Marotta
Sean Marotta